UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID GASPARDO,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:14-CV-00737-PMW<br><br>Magistrate Judge Paul M. Warner |

This matter came before the court under 28 U.S.C. 636(c). (Dkt.34). Plaintiff David Gaspardo, ("Plaintiff") appeals the Commissioner of Social Security's final decision denying his claim for Disability Insurance Benefits under Title II of the Social Security Act (the Act), 42 U.S.C.§§401-433, as well as, Supplemental Security Income, 42 U.S.C. §§1381-1383f. (Dkt. 3). Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the court REVERSES and REMANDS the decision for further consideration.

## BACKGROUND

Plaintiff alleges disability due to chronic back impairments. Plaintiff filed an application for Disability Insurance Benefits ("DIB"), as well as, Supplemental Security Income ("SSI") on January 6, 2012, alleging disability beginning November 1, 2011. (A.R. 174-183; 184-193). Plaintiff's claim was initially denied on February 28, 2012, and upon reconsideration on April 10, 2012. (A.R. 93-94; 95-96). Thereafter, Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") on May 16, 2012. (A.R. 130-131).

A hearing was held on March 16, 2013 in St. George, Utah before Administrative Law Judge, G. Alejandro Martinez. (A.R. 37-76). The ALJ issued a decision finding Plaintiff not disabled on June 16, 2013. (A.R. 15-36). The Appeals Council denied Plaintiff's request for review on August 12, 2014. (A.R. 1-6). This denial makes the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§405(g), 1383(c)(3); 20 C.F.R. §§405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1482.

Plaintiff brought this action to appeal the Commissioner's decision pursuant to 24 U.S.C. § 405(g), which provides for judicial review of the defendant's final decision. He filed his complaint on October 10, 2014. (Dkt. 3). The Commissioner filed her answer and the administrative record on December 11, 2014. (Dkt 7, 8). On December 17, 2014, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (Dkt. 14). Consequently this case was assigned to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c); Fed.R.Civ. P. 73. Plaintiff filed his opening brief on February 6, 2015. (Dkt. 17). . The Commissioner filed her answer brief on May 13, 2015. (Dkt. 26). Plaintiff filed a reply brief on May 23, 2015. (Dkt. 27). Oral arguments were held on July 23, 2016. (Dkt. 34).

**A. Factual History**

Plaintiff suffers from low back pain secondary to his previous work as a truck driver. (A.R. 279). Imaging studies show that Plaintiff has a left sided pars defect spondylolysis at L5-S1 with lumbar spondylosis at L1-2 and a diffuse disk bulge at L4-L5 with forminal disease. (A.R. 280, 295). Plaintiff was diagnosed with lumbar fact arthropathy, lumbar radiculopathy, and moderate to severe back pain. (A.R. 253). Plaintiff failed conservative treatment and was given lumbar injections. (A.R. 253). Treating sources opined he could no longer work as a

2

commercial truck driver. (A.R. 253, 254). Plaintiff continued to complain of pain in his low back and legs, muscles weakness in his legs, muscle spasms, and difficulty sleeping. (A.R. 255, 263, 285).

Dr. Greg Last, M.D. filled out a residual functional capacity assessment. (A.R. 349-351). He opined Plaintiff's medications cause fatigue and memory issues. (A.R. 349). He stated that Plaintiff's pain would occasionally interfere with his attention and concentration. (A.R. 349). He opined that Plaintiff could not walk more than a city block without pain or rest and has problems with balance when ambulating. (A.R. 350). He stated that Plaintiff would need to lie down or recline for about three hours a day due to his pain. (A.R. 350). He stated he could sit for about 45 minutes at a time and stand about 30 minutes at a time. *Id*. He opined that Plaintiff could sit about 5 hours of an 8 hours workday and stand/walk about 3 hours of an 8 hour workday. (A.R. 350-351). He stated he would need a 10-15 minute break every hour and could lift no more than 5 pounds. (A.R. 351). Finally, he opined that Plaintiff would be off task more than 30% of the workday due to his impairments and would miss 5 or more days of work each month. (A.R. 352).

**B. Hearing Testimony**

At the hearing Plaintiff argued that he was disabled under grid rule 201.14. (A.R. 41). Plaintiff testified that he was 51 years old as of his onset date and had relevant past work as a truck drive. (A.R. 41). Plaintiff worked briefly as an assembler and was laid off in part due to his mobility issues. (A.R. 55-56). Plaintiff testified that he has pain across the lower back, numbness in the legs, and pain radiating into his mid to upper back. (A.R. 57). His pain worsens depending on his activity level. (A.R. 58). He uses a cane when he leaves the house. (A.R. 59).

Plaintiff testified that he can stand for 20-30 minutes for a total of 3 ½ hours in an 8-hour workday. (A.R. 59-60). He can lift 5-10 pounds. (A.R. 61).

The ALJ called a medical expert, Dr. Stephen H. Anderson, to testify at the hearing. (A.R. 45). Dr. Anderson was asked if he thought the need for a sit/stand option was supported by the record. (A.R. 45). He stated that based on the evidence of record, he would agree with that limitation. (A.R. 45).

### C. ALJ Decision

In his decision, the ALJ found that Plaintiff had the severe impairment of a back disorder. (A.R. 21). At step 3 he found that Plaintiff did not meet a listing. (A.R. 21). The ALJ found that Plaintiff can perform light work with the additional limitations of ability to lift/or carry 20 pounds occasionally and 10 pounds frequently, sit a total of 6 hours and stand a total of 6 hours. He can frequently reach in all directions bilaterally. He can never crawl or climb ladders, ropes or scaffolds. He can occasionally climb ramps/stairs, stoop, kneel, and crouch. He should avoid concentrated exposure to hazards, such as industrial machinery and work at unprotected heights. He can occasionally operate a motor vehicle and tolerate occasional vibrations. (A.R. 22).

With this RFC, the ALJ found Plaintiff unable to perform any past relevant work. (A.R. 30). However, he found that there was other work available in the national economy that Plaintiff could perform. (A.R. 30). Therefore, he found he was not disabled. (A.R. 31).

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is limited to determining whether her findings are supported by "substantial evidence and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

(quotation omitted). The court may neither reweigh the evidence, nor substitute its judgment for the Commissioner's. *Id.*

In its review, the court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision. *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999). However, the reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ. *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000). Further, the court "may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Lax* at 1084. Lastly,"[t]he failure to apply the correct legal standard[s] or to provide this Court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).

In applying these standards, the court has considered the Administrative Record, relevant legal authority, and the parties' briefs and oral arguments.

## **ANALYSIS**

In support of his claim that the Commissioner's decision should be reversed, Plaintiff raises two issues on appeal: (1) whether the ALJ erred in his evaluation of the medical opinion evidence; and 2) whether the ALJ erred in finding that Plaintiff can perform light work, particularly whether he requires a sit/stand option. For reasons set forth below, the court finds that the ALJ erred in failing to more adequately discuss his reasoning for not including a sit/stand option limitation and that error is not harmless.

On appeal, Plaintiff argued that the ALJ failed to properly weigh the opinions of Dr. Last, as a treating source. The court finds that the ALJ did not err in his evaluation of Dr. Last's opinion. The evidence does not support a finding that Dr. Last should be considered a treating

5

physician. The ALJ found that Dr. Last saw Plaintiff on only two occasions and his opinions were not consistent with his findings at the exam or Plaintiff's testimony. (A.R. 26-27). As Dr. Last was not a treating physician, the ALJ stated appropriate reasons for not according more weight to the opinion of Dr. Last and the court finds no error on this issue.

However, Dr. Last opined that Plaintiff would require a sit/stand option. (A.R. 350-351). At the ALJ hearing, the ALJ called a medical expert, Dr. Stephen Anderson to testify. Dr. Anderson stated that the record supported this portion of Dr. Last's opinion and that the evidence showed Plaintiff would require a sit/stand option. (A.R. 45). The ALJ stated that Dr. Anderson's opinions were being given "great weight". (A.R. 29). Social Security Ruling 83-12 explains:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but then must get up and stand or walk for a while before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in the seated position) or the prolonged standing or walking contemplated for most light work….Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of the unusual limitation to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

The ALJ stated that great weight was being given to Dr. Anderson's opinions, however, he failed to include any sit/stand option in his hypothetical to the vocational expert and failed to explain in his decision why this limitation was not included in his decision. Despite the fact that two medical experts opined this limitation, the ALJ's decision does not clearly discuss the reasoning for excluding this limitation. The need to properly discuss a sit/stand option is particularly important in cases involving light or sedentary work. *Ragland v. Shalala*, 992 F.2d 1056, 1060 n.4 (10th Cir. 1993). However, in this case despite having a vocational expert to testify at the hearing, the ALJ posed no questions involving a sit/stand option. While the ALJ

6

does not have to accept the sit/stand option, as the record supported such a finding he had the obligation to explain why this limitation was not accepted or that to show that a sit/stand option would not impact Plaintiff's ability to perform other work in the national economy. His failure to do so is legal error that requires this case to be reversed and remanded for further consideration.

The court does not express any opinion as to whether Plaintiff is or is not disabled. That is a decision left to the Commissioner as the finder of fact.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that the ALJ erred in his evaluation of whether Plaintiff requires a sit/stand option. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is REVERSED and REMANDED.

DATED this 3rd of August, 2016.

_____
PAUL M. WARNER
United States Magistrate Judge